UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ALBERTO CARDENAS, Individually and on Behalf of Similarly Situated Individuals,  *Plaintiffs*, | § § § § | CAUSE NO.: _____ |
| v. | § § | JURY TRIAL DEMANDED |
| RAPID LOGISTICS, LLC D/B/A "RAPID TRANSPORT," ROBERT TUDOR and RAPID MANAGEMENT, INC.,  *Defendants*. | § § § § § | COLLECTIVE ACTION |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff, Alberto Cardenas (Cardenas), Individually and on behalf of all other similarly situated individuals, by way of their Complaint in the above-captioned matter, allege and show unto this Honorable Court the following:

**Summary**

1. Rapid Logistics, LLC d/b/a "Rapid Transport" (Rapid Transport), Robert Tudor (Tudor) and Rapid Management, Inc. (Rapid Management) (collectively Defendants) do not pay their employees who work as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA). Rather, Defendants pay their employees an hourly rate with no overtime premium whatsoever when the employees exceed forty (40) hours of work in a workweek. In fact, it was company policy that none of the employees working for Rapid/Rapid Management in any department were to earn overtime compensation as required by the FLSA. Further, because of the excessive hours Plaintiff and others worked, the flat weekly sum they earned often (if not always) failed to compensate them at the minimum hourly wage rate required by FLSA. Alberto Cardenas (Cardenas) brings this collective action seeking to recover unpaid overtime wages, liquidated

1

damages, attorney fees, court costs, interest owed to him and Defendants' other similarly-situated employees.

## Jurisdiction and Venue

2.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question arising under the FLSA.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Cardenas's claims occurred in this judicial district and division.

## Parties

4.      Cardenas, and similarly situated individuals, are individuals who performed work for the Defendants for many years. During those years, Cardenas and other similarly situated individuals, worked as general laborers at Defendants' trucking company, and were all required to work without overtime compensations. Cardenas' consent to participate in this collective action is attached hereto as Exhibit 1.

5.      Rapid Transport is a Texas limited liability company with its principal place of business in Pharr, Hidalgo County, Texas. Rapid Transport may be served with process by serving its registered agent, Thomas Tudor, at 8101 South 23rd Street, McAllen, Texas 78503, or at any other place where Rapid Transport may be found.

6.       Robert Tudor is an individual and resident of Hidalgo County, Texas. Robert Tudor may be served with process at 3814 North Cage, Pharr, Texas 78577 or at any other place where Robert Tudor may be found.

7.      Rapid Management is a corporation with its principal place of business in Pharr, Hidalgo County, Texas. Rapid Management may be served with process by serving its registered agent,

Robert Tudor, at 3814 North Cage, Pharr, Texas 78577, or at any other place where Rapid Management may be found.

## Coverage

8.  At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Cardenas.

9.  At all times hereinafter mentioned, Defendants have been employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of the Section 3(r) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume sales made or business done of not less than $500,000.00.  Defendants' business is involved in interstate commerce since they transport goods throughout the United States within the meaning of FLSA.

12. At all time hereinafter mentioned, Cardenas was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.  By way of example only and without limitation, Cardenas regularly used tools, equipment and other materials in order to maintain trucks, trailers, all of which had previously moved in or were produced for commerce, within the meaning of FLSA.  Specifically, Cardenas worked on trucks, trailers that were to travel out of state, over which interstate or foreign commerce regularly moves.

13. At all times material, Defendants have business operations in Texas and its annual gross volume of sales, individually, collectively, made or business done exceeds $500,000.00 per year.

## Facts

14. Rapid Transport is in the trucking/transportation business. Rapid Management is in the business of managing the operations of Rapid Transport. Robert Tudor is an owner/director/officer/principal of Rapid Transport and Rapid Management.

15. Tudor has the power to set and enforce, and/or have delegated to others the power to set and enforce, employment practices and policies, including pay policies, rates of pay, hiring and firing, maintenance of employment records including payroll and time records and other employment practices and policies that directly and indirectly affect Rapid Transport's and Rapid Management's employees, including Cardenas and Defendants' other employees.

16. Defendants employed Cardenas as a general laborer / welder who performed work on Defendants' semi-trucks, trailers during year 2016. Cardenas also used his welding experience to assist Defendants in the building of a warehouse at Defendants' place of business; he also assisted Defendant Tudor at his ranch and his personal home, as it related to welding work and electrical mechanical; further, Cardenas sometimes assisted a third-party company in various welding tasks as assigned by Defendant Tudor.  work and general maintenance on Defendants' fleet of semi-trucks, at its place of business located in Pharr, Texas, on or about April 2016. Cardenas worked out of Defendants' Pharr, Texas location, which consists of a mechanic shop, offices for dispatch, safety and management personnel as well as a yard for the storage of semi-trucks owned by Defendants. Cardenas' job duties were routine and did not include the exercise of discretion and independent judgment with respect to matters of significance.

17. At all times during his employment, Cardenas was not properly paid overtime despite working over 40 hours per week. Cardenas was paid $9.50 per hour for all hours worked.

18. Defendants were well-aware of the fact that Cardenas routinely worked in excess of forty (40) hours in a workweek because he reported his hours to Defendants. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern of failing to pay overtime compensation with respect to Cardenas and other employees.

19. Defendants have been aware or should have been aware that Cardenas performed non-exempt work that required overtime compensation.

20. Defendants failed to pay Cardenas at one-and-one-half times his regular rate for the hours he worked in excess of forty (40) in a workweek. Instead, Defendants paid Cardenas "straight time" for overtime, with no overtime premium whatsoever.

21. Cardenas has retained Rafael de la Garza from De La Garza & Ramirez Law Firm to represent him in this litigation and has agreed to assign/pay a reasonable attorney's fee for its services.

## **Collective Action Allegation**

22. Cardenas re-alleges paragraphs 1-21 as if set out here in their entirety.

23. In addition to Cardenas, Defendants have employed many other employees over the last three (3) years.

24. These employees perform(ed) the same or similar job duties for Defendants as Cardenas performed and as described above.

25. At all times, Defendants paid these other employees in the same manner as they paid Cardenas, including paying them at their regular hourly rates for all hours worked including those in excess of forty (40) in a workweek with no overtime premium whatsoever.

26. Defendants' other employees should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

**All general laborers/welders employed by Defendants at any time during the three (3) years preceding the filing of this lawsuit through the time of trial.**

### Cause of Action

27. Cardenas re-alleges paragraphs 1-26 as if set out here in their entirety.

28. Defendants employed Cardenas and all of their other general laborers/welders within the meaning of the FLSA.

29. Defendants are employers within the meaning of the FLSA.

30. Cardenas and all of Defendants' general laborers/welders are or were employees engaged in commerce and/or in the production of goods for commerce and/or employees who handled goods or materials that had been moved in or produced for commerce within the meaning of the FLSA.

31. Defendants are an enterprise engaged in commerce within the meaning of the FLSA.

32. By failing to pay Cardenas and all their general laborers/welders overtime compensation at one-and-one-half times their regular rates, Defendants violated the FLSA's overtime provisions.

33. Defendants owe Cardenas and all their general laborers/welders the difference between the rates actually paid and the proper overtime rates.

34. Because Defendants knew their pay practices violated the FLSA, or showed recklessness for whether their pay practices violated the FLSA, Defendants owe these wages that should have been paid even before the two (2) year period preceding the filing of this lawsuit.

35. Defendants are liable to Cardenas and all their general laborers/welders for an amount equal to all unpaid overtime wages.

36. Defendants are, further, liable to Cardenas and all their general laborers/welders for liquidated damages in an additional amount equal to all unpaid overtime wages.

37. Cardenas and all of Defendants' general laborers/welders are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## **Jury Demand**

38. Plaintiffs demand a trial by jury.

## **Prayer**

Plaintiffs ask that Defendants be cited to appear and answer, and that the Court:

1. Enter an order allowing this action to proceed as a collective action under the FLSA;

2. Upon final hearing, award Cardenas and all of Defendants' general laborers/welders judgment against Defendants, jointly and severally, for all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. Upon final hearing, award Cardenas and all of Defendants' general laborers/welders judgment against Defendants, jointly and severally, for post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. Award Cardenas and all of Defendants' general laborers/welders all such other and further relief to which they may show themselves to be justly entitled.

**DATE:**     **April 18, 2018**

Respectfully submitted,

By: */s/ Rafael de la Garza*
Rafael de la Garza
Attorney in Charge
State Bar No. 24076343
DE LA GARZA & RAMIREZ
4919 South Jackson Road
Edinburg, Texas  78539
(956) 533-1426
Fax (956) 284-0518
Email: rdlglaw@gmail.com

**ATTORNEY FOR PLAINTIFF ALBERTO CARDENAS, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED**